## UNITED STATES v. CAHILL.

*(Circuit Court, E. D. Missouri. November 2, 1881.)*

1. PREVENTING CITIZEN FROM VOTING—INDICTMENT UNDER SECTION 5511, REV. ST.—NECESSARY AVERMENTS.

An indictment designed to charge an offence under section 5511 of the Revised Statutes of the United States, for unlawfully preventing a qualified voter from exercising the right of suffrage, should charge the offender with interfering "at a congressional election" with a voter qualified to vote, and offering to vote, for a representative in congress.

2. SAME—SAME.

Such an indictment need not set out the facts on which depend the right of the person interfered with to vote.

Demurrer to Indictment.

The indictment is as follows, viz.:

"United States of America, Eastern District of Missouri—*ss.* In the District Court of the United States in and for the Eastern District of Missouri, at the November Term thereof, A. D. 1880.

"The grand jurors of the United States of America, duly empanelled, sworn, and charged to inquire in and for the eastern district of Missouri, on their oaths, present that heretofore, to-wit, on the second day of November, in the year of our Lord one thousand eight hundred and eighty, at the third congressional district of the state of Missouri, a lawful election was held, at which said election a representative for said congressional district, in the forty-seventh congress of the United States, was voted for. That one Alexander Batton, being then and there a duly-qualified voter of said state, in said congressional district, and in election district number thirty-nine of the fourth ward of the city of St. Louis, in said congressional district, and then and there entitled to vote at said election district, was then and there proceeding to offer to vote and to deposit his ballot at the polling place in said election district at said election. That Patrick Cahill, late of said eastern district of Missouri, did then and there, while the said Alexander Batton was proceeding to

offer to vote and to deposit his ballot at said polling place as aforesaid, by threat and intimidation, unlawfully prevent the said Alexander Batton, a qualified voter, as aforesaid, from then and there fully exercising the right of suffrage, contrary to the form of the statute of the United States in such case made and provided, and against their peace and dignity.

(2) And the grand jurors aforesaid, on their oaths aforesaid, do further present that heretofore, to-wit, on the second day of November, in the year of our Lord one thousand eight hundred and eighty, at the third congressional district of the state of Missouri, within the eastern district of Missouri, a lawful election was held, at which said election a representative for said congressional district in the forty-seventh congress of the United States was voted for. That one Alexander Batton, being then and there a duly-qualified voter of said state, in said congressional district, and in election district number thirty-nine of the fourth ward of the city of St. Louis, in said congressional district, and then and there entitled to vote at said election district, did then and there attempt to vote and to deposit his ballot at the polling place in said election district. That Patrick Cahill, late of said district, did then and there, while the said Alexander Batton was attempting to vote and to deposit ballot at the said polling place, as aforesaid, and in the presence and hearing of him, the said Alexander Batton, declare and threaten in substance and to the effect following: That in the event he, the said Alexander Batton, should then vote and deposit his ballot at said polling place, he, the said Patrick Cahill, would cause him, the said Alexander Batton, to be arrested. That by means of said declaration and threat so made, as aforesaid, the said Patrick Cahill did then and there prevent said Alexander Batton from voting and depositing his ballot at said polling place, and did then and there thereby prevent said Alexander Batton, a qualified voter, as aforesaid, from fully exercising the right of suffrage, contrary to the form of the statute of the United States in such cases made and provided, and against their peace and dignity.

"WILLIAM H. BLISS,

"Attorney of the United States, Eastern District of Missouri."

It was remitted to the circuit court, on motion of the district attorney. The other facts are sufficiently stated in the opinion of the court.

*William H. Bliss,* for the United States.

*Marshall & Barclay,* for defendant.

TREAT, D. J. The demurrer is special to each of the two counts: (1) The facts on which depended the right of Batton to vote are not set out; (2) There is no allegation that the election was for a representative in congress. The indictment is designed to charge an offence under section 5511, Rev. St., for unlawfully preventing a qualified voter from freely exercising the right of suffrage, etc.

It is contended by defendant that it is not sufficient in an indictment to charge generally that the person whose vote was refused, or who was prevented from voting, was "a qualified voter," but that the several facts on which his right to vote depended should be set out. Reference has been made to several authorities in support of the proposition. While it may be conceded that where a person offering

v.9,no.2—6

to vote sues an officer of election for refusing his vote, or where he is the party plaintiff whose right of action is dependent on his legal qualification, he should set out the facts on which his qualification rests; yet that rule does not apply where, as in this case, the defendant is not the voter, but a defendant in a criminal proceeding against him for unlawfully interfering with the voter. It will devolve on the United States at the trial to show affirmatively that Batton was a legally-qualified voter, entitled to cast his vote for a representative in congress at the election named, but the detailed facts on which his qualification depends need not be averred in the indictment.

The other ground of demurrer is well taken. True, an indictment, using the same terms, was before the United States supreme court, but its attention was not directed to the point now under consideration, nor does it appear what, in that case, was the full language of the court.

It is clear that no federal statute can interfere with voters, except at an election for representatives in congress, and then only as to their protection in voting for a representative in congress. Hence it is essential that it be charged in the indictment that "at an election for representative," etc., the offence was committed; and it is not sufficient to allege that "at an election at which a representative was *voted* for," etc. It may be that the election in question was for some other purpose, over which the federal government had no control, and with which it had no right to interfere. But the defect is still graver when it is averred that at an election where a representative was *voted* for, Batton was a qualified voter, etc., and entitled to vote, and that, when proceeding to offer and deposit his ballot, he was prevented by threats and intimidation; yet nowhere is it alleged that he offered, or proposed, or was about to vote for, or was qualified to vote for, a representative in congress.

It would hardly be contended that because congress may pass a law to control congressional elections and protect voters against unlawful or violent interference with the right to vote for congressional representatives, therefore, whatever occurred at an election which did not interfere with such a right must be considered within the terms of the act, because the words are general, viz.: "Unlawfully prevents any qualified voter of any state * * * from freely exercising the right of suffrage," etc. The language must necessarily be so construed as to confine the provisions of the statute within constitutional limits.

There was a suggestion made by defendant's counsel in argument as to the so-called threat, as set out in the second count; but as the special demurrer raises no such point, the court does not pass upon it. It may be that the specific language should be construed as qualifying the general averment; and if, without further averments, the specific language was not an unlawful threat, the indictment would fall.

While it is of great importance that purity of elections and the free exercise of the right of suffrage be enforced in all cases, yet it is equally important that there be no usurpation of jurisdiction, one tribunal with another. So far as the act of congress takes supervision of elections for representatives in congress, there is no difficulty as to federal jurisdiction; yet there may be mixed elections, or elections at which local officers alone are to be voted for.

If, at a mixed election, a voter appears to cast his ballot solely for a state or municipal office, and is interfered with in his attempted exercise of that privilege, or if, under the state law, he is qualified to vote for local officers, and not for a representative in congress, and is interfered with, does the act of congress apply? Hence, should not the indictment specify that the election was for a representative in congress; that the voter was qualified to vote for a representative at the time and place averred; that said qualified voter appeared at the polls and offered or attempted to vote for a representative in congress; and that he was unlawfully interfered with in such attempted exercise of that specified right?

If this be not so, then the federal jurisdiction must be held to extend to whatever local elections are held at which any one casts a vote for a representative in congress, whether the election be for that purpose or not; and that if at such an election a vote is cast for such a representative, any one who appears to vote for a local officer cannot have his vote challenged without incurring the penalty of the federal law. These extreme cases are stated to illustrate the position that the indictment must contain needed averments to bring the alleged offence within the constitution and laws of the United States. The court holds that the offence must be charged to have been for interference "at a congressional election" with a voter qualified to vote and offering to vote for a representative in congress.

The demurrer is sustained.