## UNITED STATES *v.* MORRISSEY.

*(Circuit Court, E. D. Missouri, E. D.* April 21, 1887.)

1. ELECTIONS—VIOLATION OF UNITED STATES LAWS—CONSTRUCTION OF STATUTE.
   In Rev. St. U. S. § 5514, enacting that where, by the laws of a state, the name of a candidate for representative or delegate in congress, and the names of candidates for state offices, are required to be on the same ballot, "it shall be deemed sufficient *prima facie* evidence to convict any person voting or offering to vote unlawfully, under the provisions of this chapter, to prove that the person so charged cast, or offered to cast, such ticket or ballot wherein the name of such representative or delegate in congress might by

law be printed, written, or contained, or that the person so charged committed any of the offenses denounced in this chapter with reference to such ticket or ballot," the last clause should be read as if the word "so" were omitted, and the section is therefore not limited to the offense of voting or offering to vote unlawfully, but embraces all offenses named in the chapter.

2. INDICTMENT—STATE ELECTION—CANDIDATE FOR CONGRESS.

Although the indictment, for an offense against the United States election laws, was for receiving illegal ballots in a state where the names of all candidates voted for, including candidates for congressmen, are required to be on the same ballot, the defect in the indictment in not charging that the illegal ballot contained the name of a candidate for congress is not aided by Rev. St. U. S. § 5514, above quoted.

3. SAME—ARREST OF JUDGMENT.

Defendant was convicted under the fourth and sixth counts of an indict- ment for the violation of the United States election laws, the fourth count charging that, "at a lawful election so held under the laws of the said state of Missouri, for representative in the fiftieth congress, * * * defendant being then and there a judge of election appointed and acting under authority of the laws of said state, * * * did then and there, as judge aforesaid, with intent to affect said election, and the result thereof, willfully and knowingly receive and place in the ballot-box * * * a certain ballot then and there offered to him. * * *" The sixth count charged that "a lawful election was held," not stating what for, nor that a congressman was voted for. On motion in arrest of judgment, held, that the fourth and sixth counts charged no offense cognizable by the federal courts, and that the motion should be sustained.

4. SAME.

An indictment for an offense against the United States election laws, to be cognizable by the United States courts, must contain an affirmative and distinct charge of an act which does or may affect the election of a representative or delegate in congress.

5. SAME—STATUTE OF JEOFAILS.

An indictment for an offense against the United States election laws, which is defective in not charging an offense cognizable by the United States courts, is not aided by the statute of jeofails, (Rev St. U. S. § 1025,) especially where it cannot be said that the defect has not operated to defendant's prejudice.

6. UNITED STATES COURTS—JURISDICTION OF OFFENSES AGAINST ELECTION LAWS.

The United States courts have no jurisdiction of an offense against election laws which does not and cannot affect the election of a representative or delegate in congress.

7. SAME—JUDICIAL NOTICE OF STATE LAW. ·

On the trial of an indictment for an offense against the United States election laws, the federal courts will take judicial notice that, at the election at which the offense was charged to have been committed, state officers were to be elected, and that, by the laws of the state in which the election was held, the names of all candidates voted for, both for state and national offices, were required to be on one ballot.

8. SAME—AVERMENT OF JURISDICTION.

In a prosecution in the federal courts under the United States election laws, where the offense charged is on the border line of federal jurisdiction, it is the imperative duty of the court to require a clear and distinct averment of every fact essential to give the court jurisdiction.

Motion in Arrest.

Defendant was indicted under section 5515, Rev. St. U. S., for knowingly doing an act unauthorized by law, with intent to affect the result of a congressional election, while serving as judge of an election whereat a candidate for congress as well as certain candidates for state and county offices were voted for. The indictment charged, in substance, that he received certain ballots from persons whom he knew were not entitled to vote, and whose votes were for that reason known to him to be fraudulent.

A conviction was had on the fourth and sixth counts, and as to the residue of the counts there was a verdict of acquittal. The fourth and sixth counts failed to state that the fraudulent ballots alleged to have been received were cast for a candidate for congress. On this ground there was a motion in arrest of judgment. The laws of the state of Missouri, where the election was held, require the names of all candidates voted for to be printed or written on a single ticket.

*Thomas P. Bashaw,* Dist. Atty., and *D. P. Dyer,* for the United States.
*Napton & Frost,* for defendant.

BREWER, J., (*orally.*) In this case two questions are presented, one challenging the ruling of the court in construing section 5514, which declares that where by the laws of the state all candidates are to be voted for on a single ballot, proof of the existence of the ballot shall be *prima facie* evidence sufficient to justify conviction of the fact that a congressman was voted for on that ballot. It is insisted that, reading that section critically, it is evident that congress intended only that that rule should apply to the party voting or offering to vote. The section is as follows:

"Whenever the laws of any state or territory require that the name of the candidate or person to be voted for as representative or delegate in congress shall be printed, written, or contained, on any ticket or ballot with the names of other candidates or persons to be voted for at the same election as state, territorial, municipal, or local officers, it shall be deemed sufficient *prima facie* evidence to convict any person charged with voting, or offering to vote, unlawfully, under the provisions of this chapter, to prove that the person so charged, cast or offered to cast such ticket or ballot whereon the name of such representative or delegate in congress might by law be printed, written, or contained."

That is the forepart of the section referring specifically to the person charged with voting or offering to vote. Then follows this clause:

"Or that the person so charged committed any of the offenses denounced in this chapter with reference to such ticket or ballot."

As it is claimed, the use of the word "so" carries this clause back to the forepart of the section, and makes it applicable only to persons voting or offering to vote. It is a familiar rule that that which is within the letter of a statute, and not within its spirit, is not within the statute; and also that that which is within the spirit, though not within the letter, may sometimes be declared to be within the statute, even in criminal cases. Reading that as it is expressed, "so charged," it makes that clause superfluous, meaningless, and worse than that, because a person "so charged" could not be convicted of any offense but that of which he is charged, and could not be convicted of any of the other offenses named in this chapter. Obviously, that was not the intent of congress. Through carelessness in the drafting or compilation of this section that word "so" was interpolated improperly, and the only fair construction of that section is to treat it as though that word was not there. So read, it gives force and validity to this clause which otherwise it would

not have. So read, it gives meaning to the whole section, and carries out the obvious intent of congress that, where there is a single ballot at any election at which under the law of the state all names must appear on the same ballot, the production of the ballot is *prima facie* evidence sufficient to convict, etc., in the trial of any of the offenses named in this·chapter. I think that objection, therefore, is not well taken.

The other question runs to the sufficiency of the indictment. There were six counts in this indictment. The defendant was found guilty upon the fourth and sixth, and it is claimed that neither of these counts charge an offense of which the federal courts can take cognizance, or which are included within the statute; in this, that neither count charges that the ballot which was charged to have been wrongfully received contained the name of any candidate for congress. It goes without saying, in our dual system of government, that the federal government cannot take charge of a mere state election, or an election merely for state officers, and no matter what wrongs may be perpetrated in such election, they are beyond the cognizance of the federal courts. The states, and the states alone, can punish offenses which are merely offenses against the state laws. It has been settled by the decision of the supreme court in *Ex parte Siebold*, 100 U. S. 371, that where at the same election federal and state officers are to be elected, the general government can, for the purpose of protecting the election of federal officers, take cognizance of that election and punish offenses which do or may affect the election of such officers. It is clear from the language of the opinion of the court in that case that it was not the intent of this act, if it was within the power of congress, to attempt to reach beyond and punish any act, however wrongful, in or about that election which affects solely the election of state officers. I quote what the court say:

"In what we have said it must be remembered that we are dealing only with the subject of the election of representatives to congress. If, for its own convenience, a state sees fit to elect state and county officers at the same time, and in conjunction with that election of representatives to congress, congress will not be thereby deprived of the right to make regulations in reference to the matter. We do not mean to say, however, that for any acts of the officers of election, having exclusive reference to the election of state or county officers, they will be amenable to federal jurisdiction. Nor do we understand that the enactments of congress now under consideration have any application to such acts."

Therefore, it must be apparent that the act charged is one which does or may affect the election of a congressman. Of course, anything affecting the registration prior to the election is an act which may affect the election for congressman, and is within the cognizance of the federal courts. Anything that transpires after the election in counting the votes for governor or state officers, or in preparing certificates therefor, is something which affects only the state election, and cannot be considered here. Anything transpiring on the election day which does or may affect the election of a congressman is within federal cognizance. Upon the other hand, if it is something which does not and cannot affect the election of a congressman, it is something beyond our jurisdiction. Bear-

ing that in mind, obviously, there must be an affirmative and distinct charge in the indictment of an act which either does or may affect the election of a congressman. It is a familiar rule of criminal practice and pleading that nothing is taken by intendment. The fact must be charged, and charged distinctly. We cannot by inference fill out an incomplete charge.

Now, the first two counts of this indictment charge that "the defendant, being a judge at that election, with intent to affect said election and the result thereof, did knowingly receive and place in the ballot-box, then being used at the polling place at said precinct, a certain ballot for a representative in said congress from said congressional district." There it charges him with an act which affected the election of a congressman —"receiving a certain ballot for a representative in congress." When we come to the fourth count, part of that clause is omitted. It is charged that "at a lawful election so held under the laws of the said state of Missouri for representative in the fiftieth congress," etc., * * * "Peter R. Morrissey, being then and there a judge of election appointed and acting under authority of the laws of said state at and for said precinct, did then and there, as judge aforesaid, with intent to affect said election and the result thereof, willfully and knowingly receive and place in the ballot-box then being used at said polling place a certain ballot then and there offered to him, the said Peter R. Morrissey, as judge aforesaid, and by a person to the jurors aforesaid unknown." It does not charge that he received a ballot for representative in congress, but that he received a ballot. It is true, that count charges that there was a lawful election then being held for a representative in congress. We turn to the sixth count, and we find that even this is omitted. It simply charges in that count that "a lawful election was held." What for, is not stated. It does not say that a congressman was voted for.

Now, the district attorney very plausibly and ingeniously argued that as this count names only an election for a representative in congress, we are to limit this allegation to the express words of the pleader; that no reference was made to the fact that other officers were to be elected, and we are therefore to construe it as though, having charged that at an election being held for representative a ballot was received by him, it must necessarily be presumed to have been a ballot for congressman. Well, that is eking out an omission of the indictment with an inference, because we are bound to take judicial notice that at that election, under the laws of the state, a vast number of state officers were to be elected, and that that ballot or any ballot offered had to contain all the names of all the candidates, state or national, for whom the person tendering the vote desired to vote. It is true that section 5514, when it comes to the matter of proof, says the production of the ballot is *prima facie* evidence that a congressman's name was on it, but a mere rule of evidence is not sufficient to enlarge the allegations of a pleading. Let me make this illustration, which I think will make my idea a little clearer. By the laws of the state of Maine, when one is shown to be in possession of a United States liquor license, that license is *prima facie* evidence of the posses-

sion of liquors for sale, unlawfully under the state statute; so when you charge a man under the state laws with selling liquor unlawfully, you make out a *prima facie* case by producing the federal license for him to sell. But would it for a moment be claimed that an indictment under that law was good which charged the defendant with selling liquor under a United States license, without also charging him that he was selling liquor without the state license? One is a mere rule of evidence which does not eke out a defect or omission in the language of the indictment. There should be, as there was in the first two counts, a distinct, direct, and affirmative allegation that the defendant did receive a ballot on which was the name of a congressman. That being charged, then the section determines the matter of proof.

In cases of this kind, where the act comes to the border line of federal jurisdiction, it seems to us an imperative duty upon the court to hold the pleader to a distinct and clear averment of every fact which is essential to give federal courts jurisdiction, and that we ought not by inference and presumption to open the door so as to include matters which may or may not be an offense against the United States. It is charged that this defendant knowingly received a ballot at that election. Who can say from that that it was a ballot for congressman? We know judicially that that ballot was to contain the names of all the candidates, or might contain the names of all the candidates, but when he is charged with knowingly receiving a ballot, is he charged, or can it by any fair inference be assumed that he is charged, with receiving a ballot for congressman?

We think, under the clear rule of criminal pleading, that that count in the indictment does not charge an offense against the defendant, and the motion in arrest will be sustained.

THAYER, J. I fully concur in the order sustaining the motion in arrest of judgment as to the fourth and sixth counts. According to the authorities cited on the argument it is clear that the act charged in the indictment is no offense against the laws of the United States, *unless the fraudulent ballot alleged to have been received by the defendant was a ballot for a candidate for congress. U. S.* v. *Cahill,* 3 McCrary, 200, 9 Fed. Rep. 80; *U. S.* v. *Seaman,* 23 Fed. Rep. 882. In the absence of any adjudication on the subject, I should have no doubt that such was the law of the case. In the nature of things, congress has no authority to impose penalties on a judge of election for receiving a fraudulent ballot, unless the ballot is cast for a candidate for some federal office. It is the single fact that the ballot alleged to have been received by the defendant affected the result of a congressional election that gives this court jurisdiction over the offense. Such being the law, it goes without saying that the indictment should show the character of the alleged fraudulent ballot, not by inference merely, but by plain and direct averment.

Now, in neither of the counts upon which a conviction was had is there any direct averment that the ballot in question was cast for a representative in congress. In the fourth count of the indictment it does

appear that the election at which the ballot in question was received was an election at which a representative in congress was voted for, but we must take judicial notice that it was also a general state election for the election of numerous state and county officers, so that it by no means follows as a necessary inference from anything stated in the count that the fraudulent ballot was cast for a candidate for a federal office. It would be consistent with all the averments of the count to assume that it was cast for a candidate for a state office only. The sixth count is even more defective, in that it is not averred in express terms that at the election in question a representative in congress was voted for. In my opinion, it would be violative of all rules of correct pleading to hold that the fourth and sixth counts of this indictment show that an offense has been committed against the laws of the United States. They can only be sustained by indulging in inferences favorable to the pleader that would hardly be tolerated in a civil proceeding, even after the rendition of verdict, and this is open to violation of the rule that an indictment should charge an offense with the highest degree of certainty.

In answer to the suggestion made on the argument of the motion that the defect in the indictment is cured by the statute of jeofails, section 1025, Rev. St. U. S., it is sufficient to say that the statute in .question will not remedy a defect in an indictment of such a radical nature as a failure to charge an offense; and, even if the statute should be held to have such curative properties, it would be impossible to say, from a consideration of the indictment and the charge to the jury, that the defect in the indictment had not operated to prejudice the defendant. I may further add that section 5514, Rev. St. U. S., does not aid the indictment, as that section prescribes a rule of evidence only, whereas the indictment is faulty in failing to state an offense within federal cognizance. There is no escape from the conclusion that the judgment should be arrested.