The State v. John McNeece, Appellant. — 295 S. W. 737.

Division Two, June 3, 1927.

1. **SEARCH: Arrest: Felony.**  No search warrant is necessary to authorize the arrest of a person who the officer has reasonable cause to believe is committing or has committed a felony.

2. ———: ———: ———: **Automobile: Transportation of Whiskey.** Where the officers, who met defendant driving his automobile upon a public highway, suspected him of transporting moonshine whiskey, which is a felony, and turned about and overhauled him, and arrested him, and when asked by them what he had in the automobile he admitted that he had whiskey, and by lifting a blanket used as a covering a five-gallon keg containing moonshine or corn whiskey was discovered, and defendant admitted that he was transporting the keg, a motion to suppress the evidence was properly overruled, first, because moonshine whiskey was discovered in connection with and as an incident to the lawful arrest of defendant upon suspicion that he was committing a felony, and, second, because the officers had a legal right to search the automobile without a search warrant in that they had reasonable ground to believe that defendant was transporting intoxicating liquor illegally.

Corpus Juris-Cyc. References: **Arrest,** 5 C. J., Section 30, p. 399, n. 78. **Criminal Law,** 16 C. J., Section 1110, p. 571, n. 93.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

Affirmed.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1)  The motion to suppress the evidence was properly overruled. The sheriff and his deputy had information that defendant was transporting whiskey and were looking for him. No search warrant is required to search automobiles when the officers have reasons to believe they are being used in the illegal transportation of intoxicating liquor. State v. Bennett, 270 S. W. 295; State v. Hall, 279 S. W. 102. (2)  Defendant on the witness stand admitted transportation of moonshine corn whiskey but, insisted that he was taking it home for his own personal use. He admitted further that he had bought the whiskey from a bootlegger. Having unlawfully acquired the intoxicating liquor the transportation was unlawful, even though intended for personal use. This point is not mentioned in the motion for new trial. State v. Bush, 245 S. W. 588; Steinwach v. Common-

wealth, 246 S. W. 795; Scaggs v. Commonwealth, 244 S. W. 799; Dials v. Commonwealth, 233 S. W. 888.

BLAIR, J.—This is an appeal from a conviction for the felony of transporting moonshine or corn whiskey, as defined by Section 21, Laws 1923, page 242. The punishment imposed by the jury was imprisonment in the county jail for twelve months and a fine of $500.

The only question is the alleged error of the trial court in overruling appellant's motion to suppress evidence obtained by a search of appellant's automobile without a search warrant. The case is unique in that appellant admitted as a witness that he was transporting moonshine corn whiskey at the time of his arrest. It is therefore unnecessary to detail facts further than those which shed light upon the alleged illegality of the search.

Appellant, his son and one York were riding in a Ford automobile, belonging to and driven by appellant, when they were overhauled by the sheriff and two deputies. This occurred in Dunklin County on or about April 24, 1925. York and young McNeece got out of the automobile and attempted to escape. They were overtaken and brought back. Appellant remained in the automobile. When asked by the deputy sheriff what he had in the automobile, he admitted that he had whiskey. By lifting up a blanket or some sort of bedding used as a covering, a five-gallon keg and smaller containers of moonshine or corn whiskey were found. Appellant admitted and the officers testified that the liquor contained in the keg and other receptacles was moonshine corn whiskey. Appellant also admitted that he was transporting the liquor. He said, and his son and York contended, that the whiskey was the sole property of the appellant, and neither York nor the son knew of its presence in the back part of the automobile. That fact is of no significance here, because only appellant was on trial.

The sheriff and both of his deputies testified that appellant was suspected of transporting moonshine whiskey. They met him driving his automobile upon the highway. They turned their automobile around and followed appellant's automobile and overtook it. The deputy who arrested appellant testified that he made the arrest before he looked in the automobile for the whiskey. Appellant admitted that he was arrested before the search was made. The sheriff and his deputies had no search warrant.

Appellant has not furnished us with any brief. Respondent has cited State v. Bennett (Mo. Sup.), 270 S. W. 295, and State v. Hall (Mo. Sup.), 279 S. W. 102, as authority for the proposition that "no search warrant is required to search automobiles when the officers have reasons to believe they are being used in the illegal transportation of intoxicating liquor." There is nothing in the Bennett case which throws any light on the case at bar. That was a case

where an automobile was searched for liquor without a search warrant. The right to make such search was not considered in the opinion, for the reason that the testimony in relation to such search went into the record without objection, and it was held that the question of the right to make the search was not preserved for appellate review.

In the Hall case no search was required and none was actually made because the containers of the liquor were in plain view of the officers who made the arrest. The sheriff did in fact have a search warrant purporting to authorize the search of a certain Chevrolet touring automobile. Hall was found committing a felony, and no search warrant was necessary. But the case is authority for the proposition that no warrant is necessary to authorize an arrest when the officer has reasonable cause to believe that the person arrested is committing or has committed a felony.

Judge WALKER took occasion to review the decisions dealing with the right of an officer, without a warrant, to search an automobile suspected as the vehicle used in transporting intoxicating liquor. The Hall case and the cases cited therein cited and discussed fully establish the rule that an officer may search an automobile for intoxicating liquor, when he has reasonable ground to believe that such automobile is being used to transport intoxicating liquor in violation of law, although he has no search warrant. The same rule is announced in Carroll v. United States, 267 U. S. 132, cited and considered in the Hall case.

Appellant's motion to suppress the evidence was properly overruled for two reasons: First, because the moonshine whiskey was discovered in connection with and as an incident to the lawful arrest of appellant upon suspicion of felony and, second, upon the ground that the officers had the right to search the automobile without a search warrant because such officers had reasonable ground to believe appellant was using such automobile to transport intoxicating liquors illegally.

The only assignment of error made in the motion for new trial is without merit. We have examined the record proper and find the same to be free from error.

The judgment is affirmed.   All concur.