**STATE of Missouri, Plaintiff-Respondent,**

v.

**George ROBINSON, Defendant-Appellant.**

**No. 36719.**

Missouri Court of Appeals, St. Louis District.

May 10, 1977.

James E. Wynne, Allan D. Jerger, St. Louis, for appellant.

John C. Danforth, Preston Dean, Robert L. Presson, Jefferson City, Brendan Ryan, Charles B. Blackmar, St. Louis, for respondent.

STEWART, Judge.

Defendant, George Robinson, was convicted by a jury of assault with intent to kill with malice and two counts of first degree robbery by means of a dangerous and deadly weapon. The jury was unable to agree upon punishment on any of the three counts. The trial court sentenced the defendant to 25 years in the Missouri Department of Corrections on each count with the sentences to run concurrently.

■ Defendant contends that the trial court committed error in, (1) submitting MAI–CR 4.50, on verdict possibilities to the jury, in that the "instruction places upon the jury the presumption that the court has assumed the defendant's guilt;" (2) the defendant was denied effective assistance of counsel; and (3) admitting extensive evidence tending to prove defendant guilty by association with co-defendant, Morris French. We affirm the judgment of the trial court.

Defendant does not question the sufficiency of the evidence to sustain the conviction. The evidence supports the following statement of facts.

On October 31, 1973, at about 8:00 p. m. the defendant and two accomplices, each carrying a rifle, entered Lonnie's Lounge in the City of St. Louis and announced a holdup. Present in the tavern at this time were, the owner, Mr. Lonnie Johnson, Ms. Hattie Grady, and Mr. Zollie Tate. A .22 caliber rifle was fired. The bullet struck Mr. Tate in the shoulder. The persons in the lounge were ordered to "Get on the floor." One of the men stayed at the door. The other two came into the lounge, took $70.00 cash from the cash register, $40.00 cash from Mr. Johnson and Ms. Grady's purse which contained a $17.00 money order and $30.00 in food stamps. A second shot was fired during the course of the holdup. The defendant and his two accomplices then exited. Defendant, Morris French and a third individual were apprehended by St. Louis Police Officers while running from the scene of the crime. The defendant and Morris French were positively identified at the scene and again at the trial.

Defendant first attacks Instruction No. 13, which is MAI–CR 4.50 and reads as follows:

" 'If you unanimously find the defendant guilty as to a particular Count you should fix his punishment as to that Count. If, however, after due deliberation, you find the defendant guilty as to a particular Count but are unable to agree upon his punishment as to that Count, you will complete the verdict form so stating, and in that event the Court will fix the punishment.

'If you unanimously find the defendant guilty or not guilty as to one or more Counts submitted against him, but, after due deliberation, are unable to agree upon whether or not he is guilty as to one or more other Counts submitted against him, you will complete the applicable form or forms to which you unanimously agree and return them to this Court along with all unused forms and the written instructions of the Court.

'You must bear in mind that under the law it is the primary duty and responsibility of the jury to determine whether the defendant is guilty or not guilty as to each Count submitted against the defendant and if he is guilty as to any Count submitted against him to fix the punishment as to that Count.' "

As we read defendant's point he contends that the instruction assumes the guilt of defendant. He argues that the instruction "conveys a subtle message to the jurors that the defendant is thought to be guilty by the court." Defendant acknowledges that the Supreme Court has ruled adversely to this contention in State v. Brown, 443 S.W.2d 805 (Mo. banc 1969), but asks "the Court to reconsider the decision in the Brown case, and return to the Stuver-Gilbreath rule [State v. Stuver, 360 S.W.2d 89 (Mo.1962) and State v. Gilbreath, 130 Mo. 500, 32 S.W. 1023 (1895)]."

We, however, are bound by State v. Brown, 443 S.W.2d 805, 810[7] (Mo. banc 1969). The court there said, "We hold that it is permissible to give such an instruction

**312**

along with the other instructions in the case at the time the judge charges the jury following the conclusion of the evidence." *Brown* was decided before the MAI–CR, however the rule has been followed after MAI–CR, most recently in *State v. Kelly*, 539 S.W.2d 106, 113[14] (Mo. banc 1976).

The defendant's second "Point Relied On" reads as follows:

"Defendant was denied the effective assistance of counsel to which he was entitled under the Sixth and Fourteenth Amendments to the United States Constitution and Article I Section 18(a) of the Missouri Constitution."

This point fails to comply with 84.04(d) in that it fails to set out concisely wherein and why counsel was ineffective. *State v. Gomillia*, 529 S.W.2d 892, 895[3] (Mo.App.1975). There is no issue before us under this point. We also make the observation that ordinarily it is inappropriate to review the contention of ineffective assistance of counsel on direct appeal. The issue can best be explored and a full disclosure of the pertinent facts can be obtained in a proceeding under Rule 27.26. *State v. Greathouse*, 519 S.W.2d 299, 300 (Mo.App.1975).

Defendant's third and final "Point Relied On" reads as follows:

"The court erred in allowing extensive evidence tending to prove defendant guilty by association with co-defendant, Morris French."

We find that the only reference to the admission of evidence in defendant's motion for new trial reads:

"The court erred in refusing to exclude the testimony of Officer Donald Preston, who testified as to the address of co-defendant, Morris French, and the proximity of French's address to that of defendant."

This assertion fails to meet the standard of "detail and particularity" required under Rule 27.20(a) and cannot be the basis for review under the point under consideration. *State v. Smith*, 451 S.W.2d 87, 90[2] (Mo. 1970).

We also note that defendant's third point fails to specify what evidence it is alleged is erroneous and wherein and why that evidence tended to prove defendant guilty by association. This is a violation of Rule 84.04(d) and provides us with nothing to rule upon. *State v. Flynn*, 541 S.W.2d 344, 349 (Mo.App.1976). No issue respecting the defendant's third point is before this court for review.

We find no error. The judgment of the trial court is affirmed.

McMILLIAN P. J., RENDLEN, J., concur.