STATE of Missouri, Plaintiff-Respondent,

v.

Ernest ROBINSON, Defendant-Appellant.

No. 38106.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 16, 1977.

Motion for Rehearing and/or Transfer
Denied Sept. 12, 1977.

Theodore F. Schwartz, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, William F. Arnet, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Stephen H. Goldman, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

PER CURIAM

Defendant appeals his felony conviction for transporting a female through the State for the purpose of prostitution—a § 563.070 RSMo 1969 violation.

Defendant's brief is flagrantly deficient and preserves nothing for review. The statement of facts is only a verbatim reproduction of some of the questions and answers of one of the witnesses. It does not comport with the Rule 84.04(c) requirement

that the brief contain "a fair and concise statement of facts." This failure warrants dismissal of the appeal. *State v. Schulten*, 529 S.W.2d 432 (Mo.App.1975).

■ Defendant's brief has raised five points of alleged error, each one of which is faulty in some substantial respect. The first point simply states that "the evidence was insufficient as a matter of law to sustain a judgment of conviction." This does not satisfy the requirements of Rule 84.-04(d) that points relied on must briefly and concisely state why the trial court's ruling is erroneous. *Robinson v. State*, 551 S.W.2d 309 (Mo.App.1977); *State v. Redd*, 550 S.W.2d 604 (Mo.App.1977); *State v. Starkey*, 536 S.W.2d 858 (Mo.App.1976).

■ Four of the five points of alleged error are not supported by any authorities. Such points are therefore deemed abandoned and preserve nothing for review. *State v. Paige*, 550 S.W.2d 582 (Mo.App. 1977); *State v. Halliburton*, 531 S.W.2d 554 (Mo.App.1975).

■ The fifth point raised by defendant which does have citations listed under it attacks the State's verdict directing instruction, but does not set fourth the instruction challenged—a Rule 84.04(e) violation which also fails to preserve anything for review. *State v. Gibson*, 540 S.W.2d 952 (Mo.App. 1976), cert. den. 430 U.S. 907, 97 S.Ct. 1177, 51 L.Ed.2d 583 (1977); *State v. Larkins*, 518 S.W.2d 131 (Mo.App.1974).

■ Defendant has not sought to invoke plain error under Rule 27.20(c), nor do we see need to apply it in his behalf, for we find no substantial manifestation that injustice or a miscarriage of justice will result if we do not. *State v. Meiers*, 412 S.W.2d 478 (Mo.1967); *State v. Gibson*, supra; *State v. Gordon*, 536 S.W.2d 811 (Mo.App. 1976); *State v. White*, 529 S.W.2d 22 (Mo. App.1975). There were sufficient corroborating circumstances here to establish defendant's guilt of the crime charged.

When the defendant was first observed by an employee in a St. Louis County hotel he was standing in a hallway listening into closed rooms along the hallway. The defendant was then observed entering and leaving one of the rooms by the employee. When confronted by the hotel employee as to what he was doing, defendant first denied being in the room and refused to divulge his name; he was not registered in the hotel. Police were soon summoned by hotel personnel. Defendant was arrested and charged with burglary. After properly being given his *Miranda* warnings, defendant denied any burglarious intent in the hotel and volunteered an oral statement that he had driven a Janice Daniels to the hotel for the purpose of procuring prostitution; that arrangements had been made to meet a "client" at the hotel. The defendant also voluntarily wrote a statement to the same effect and gave it to police. Police were taken by the defendant to defendant's automobile parked outside the hotel where Janice Daniels was sitting.

The factors establishing defendant's guilt of the crime charged are: 1) his suspicious and surreptitious behavior in the hotel hallway; 2) his entry into an unoccupied hotel bedroom; 3) his denial of having entered the room when he was observed doing so; 4) his confession that he had driven a woman to the hotel for the purpose of prostitution; 5) the presence of the woman in defendant's automobile outside the hotel.

■ As stated in *State v. Colton*, 529 S.W.2d 919, 922 (Mo.App.1975):

"It is well established in this state that full proof of the corpus delicti, independent of a confession, is not required. *State v. Skibiski*, 245 Mo. 459, 150 S.W. 1038 (1912); *State v. McQuinn*, 361 Mo. 631, 235 S.W.2d 396 (1951); and *State v. O'Neal*, 436 S.W.2d 241 (Mo.1968). If the state comes forward with evidence of corroborating circumstances which tend to prove the corpus delicti and correspond with circumstances related in a confession both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved."

Only slight corroborating facts are sufficient to establish the corpus delicti, *State v.*

*McQuinn,* 361 Mo. 631, 235 S.W.2d 396 (1951), and the facts here are sufficient. Defendant's statement that he had driven Janice Daniels to the hotel for the stated purpose will be presumed as true, even though the State may have failed to prove the transportation. *State v. Hall,* 312 Mo. 425, 279 S.W. 102 (1926). See *State v. Smith,* 431 S.W.2d 74 (Mo.1968).

The judgment is affirmed.

All judges concur.