**STATE of Missouri, Respondent,**

v.

**Eddie MAYO, Appellant.**

**No. 41295.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 22, 1980.

Hayes & Heisler, David M. Johnson, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George Westfall, Prosecuting Atty., Clayton, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of second degree burglary and stealing. The trial court imposed concurrent sentences of five years for each crime. Defendant appeals.

When the victim left his house on the evening of December 17, 1975, the house was secured. Two eye-witnesses saw a man enter the victim's residence. He was black, short, clean-shaven, and was wearing a tan hat and a brownish jacket. Defendant was

about the size of the person who entered the house. After the man entered the residence, he came out carrying a sack which looked like a pillow case and entered a car. The car was sitting outside the victim's residence.

The car was light colored, probably a " '60-some model" Chevrolet. A short time later, the defendant, matching the description of the burglar, was arrested driving a car matching the description of the car seen at the burglary. With the consent of the defendant, a search of the trunk was made and items taken from the victim's house, as well as other items, were found. Several gloves were found on the front seat of the car, and a screwdriver was found on the front floor board under the seat.

The first issue in this case centers upon the admission into evidence of the screwdriver taken from the car and paint scrapings taken from victim's house. Defendant argues these exhibits were not properly identified and that there was a break in the chain of custody.

■ The screwdriver was properly identified and the chain of custody was sufficiently proven. It was taken by Police Officer Melius from the car driven by the defendant. Officer Melius delivered it to Detective Hunt, who initialed the handle. Detective Hunt delivered the screwdriver to Robert Rothier, the police laboratory director, who delivered the same to Michael Walsh, one of the laboratory criminologists. Walsh, who also put his initials on the screwdriver, conducted the laboratory tests. This was sufficient.

Confusion reigned at the trial in regard to the introduction into evidence of an envelope containing the paint sample from the victim's home—Exhibit No. 28. Officer Hunt procured the paint sample and delivered it to Rothier along with the screwdriver. The "fly in the ointment" came about when Hunt delivered another, unrelated paint sample to Rothier at the same time for analysis. These samples and the screwdriver were then delivered to Walsh.

The jury was subjected to testimony on a number of different exhibits in order to show that a comparative analysis was made with reference to the paint sample from the victim's house and the paint on the screwdriver. The reference lab numbers on the envelopes, lab receipt, and lab report pertaining to each of the paint samples were in error. Apparently, the two lab receipts were in error in that each of them were given for the other paint sample. Arising out of the confusion was the unmistakable testimony by Walsh that he believed he compared the paint sample from victim's house with the paint on the screwdriver. He based this belief upon the fact that the address on the envelope, Exhibit No. 28, was that of the victim's house. With this testimony, the duty of resolving the confusion came to rest upon the shoulders of the jury. The confusion affected the weight of the testimony and not the admissibility of the paint sample. Identity and chain of custody were sufficiently proved. *State v. Zammar*, 305 S.W.2d 441, 446 (Mo.1957); *State v. Russ*, 537 S.W.2d 216, 219 (Mo.App. 1976).

■ Defendant argues that the admission into evidence of the screwdriver, three yellow gloves, and one white glove was erroneous because the exhibits were never identified as being used in the commission of the crime or as having been in the custody or control of the defendant. This contention is without merit. On similar facts our Supreme Court has held that gloves and a screwdriver found, along with fruits of the burglary, in the burglar's automobile shortly after the burglary were properly admitted. *State v. Miller*, 485 S.W.2d 435, 440 (Mo.1972); and *State v. Heitman*, 473 S.W.2d 722, 726–727 (Mo.1971).

■ Finally, defendant's Point Relied On III complains that:

THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT FOR THE JURY TO FIND THAT THE DEFENDANT COMMITTED THE CRIMES CHARGED BEYOND A REASONABLE DOUBT.

This allegation is insufficient to preserve anything for review. Rule 84.04(d); *State v. Robinson*, 555 S.W.2d 667, 669 (Mo.App. 1977). We have ex gratia searched the record to determine the sufficiency of the evidence. We found ample evidence of burglary in the second degree and stealing.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.