971 P.2d 727

Rob Lee MITCHELL, Petitioner–
Respondent–Cross–Appellant,

v.

STATE of Idaho, Respondent–Appellant–
Cross Respondent.

State of Idaho, Plaintiff–Respondent,

v.

Rob Lee Mitchell, Defendant–Appellant.

No. 23901, 23908.

Supreme Court of Idaho,
Lewiston, September 1998 Term.

Nov. 25, 1998.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for appellant-cross-respondent. Kimberly A. Coster argued.

Aherin, Rice & Anegon, Lewiston, for respondent-cross-appellant. Anthony C. Anegon argued.

SCHROEDER, Justice.

The district court granted Rob Lee Mitchell (Mitchell) post-conviction relief from ineffective assistance of appellate counsel by allowing Mitchell a new direct appeal of his underlying convictions for attempted first-degree murder and robbery. The state appeals the decision. The district court denied Mitchell post-conviction relief on his claim of ineffective assistance of counsel at trial. Mitchell cross-appeals this decision. As a consequence of the district court's grant of post-conviction relief based on ineffective assistance of appellate counsel, Mitchell was allowed to file a direct appeal from the criminal convictions of first-degree attempted murder and robbery. In the direct appeal he claims insufficiency of evidence to support the jury's verdict, fundamental error, and excessive sentences.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

The facts leading to Mitchell's conviction for attempted first-degree murder and robbery are summarized in *State v. Mitchell*, 124 Idaho 374, 375, 859 P.2d 972, 973 (Ct.App. 1993):

> During the morning of May 16, 1991, a man entered the Lewiston Floral Shop. He told the proprietor, Anne Ringold, that he was interested in a present and Mother's Day card for his mother. He looked at cards and expressed interest in a terrarium containing a small house plant, but he left without buying either a card or the terrarium. That afternoon, the man returned, this time with a gun. He forced Ms. Ringold, at gunpoint, to give him the money in the cash register. He then ordered her into a back room where he stabbed her repeatedly. Before fleeing he also took the terrarium that he had admired earlier.
>
> Several days later Mitchell was arrested for these crimes and charged with attempted murder in the first degree, I.C. §§ 18–4001, 18–4002, 18–4003 and 18–306, and robbery, I.C. § 18–6501. Mitchell pled not guilty, and a jury trial ensued.
>
> At trial Ms. Ringold identified Mitchell as her assailant. The police recovered a terrarium that Mitchell had given to his mother as a Mother's Day present, and Ms. Ringold identified it as the item that had been stolen from her shop. A Mother's Day card that Mitchell had given to his mother with the terrarium was also shown to be the same brand and design as cards carried by the Lewiston Floral Shop. The state's evidence also included expert testimony that several fingerprints and handprints found at the crime scene, including a print in blood, matched Mitchell's prints. The jury found Mitchell guilty on both charges.
>
> Mitchell was sentenced to a term of confinement of fifteen years for attempted murder and a unified sentence of thirty-five years, with fifteen years minimum confinement, for the robbery. The court ordered that the sentences be served consecutively.

*Id.*

Mitchell appealed the district court decision following trial and raised various ineffective assistance of counsel claims and the claim of excessive sentences. *Id.* at 375–77, 859 P.2d at 973–75. The Court of Appeals declined to consider the ineffective assistance of counsel claims on direct appeal, preserving those issues for post-conviction relief proceedings. *Id.* at 376, 859 P.2d at 974. The Court of Appeals found that the district court did not abuse its discretion with respect to the sentences imposed. *Id.* at 377–78, 859 P.2d at 975–76.

Subsequent to the Court of Appeals decision, Mitchell filed a pro se petition for post-conviction relief, and the district court appointed counsel to represent him in those proceedings. The state answered and moved for summary disposition. Mitchell's counsel filed an amended UPCPA petition raising claims of ineffective assistance of counsel at trial, at sentencing and on appeal. The state answered the amended petition with general denials of all the ineffective assistance of counsel claims. The district court denied the state's motion for summary disposition. Following a hearing the district court denied relief to Mitchell on his claim of ineffective assistance of counsel at trial, but determined that Mitchell's appellate counsel had been ineffective. Consequently, the district court ruled that Mitchell was entitled to a new direct appeal.

The state appeals the district court's order granting relief on Mitchell's claim of ineffective assistance of appellate counsel. Mitchell cross-appeals from the district court's order denying relief on the claim of ineffective assistance of trial counsel.

## II.

### STANDARD OF REVIEW

■■■ " 'An application for post-conviction relief is a special proceeding, civil in nature.' " *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983) (quoting *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57

(1969)). The applicant has the burden of proving, by a preponderance of the evidence, the allegations on which the application for relief is based. I.C.R. 57(c); *Stuart v. State,* 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990).

> When reviewing a decision denying a petition for post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. The role of the reviewing court is to determine whether there was substantial evidence to support the trial court's findings. A claim of ineffective assistance of counsel presents mixed questions of law and fact. On appeal, when faced with mixed questions of fact and law, [the appellate court] will defer to the factual findings made by lower courts if those determinations are based upon substantial evidence, but ... will exercise free review of the application of the relevant law to those facts.

*Murray v. State,* 121 Idaho 918, 921–22, 828 P.2d 1323, 1326–27 (Ct.App.1992) (citations omitted). However, if there are no specific findings of fact, the appellate court should only disregard the absence of findings of fact if the record is clear and presents an obvious answer to the question on appeal. *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982).

### III.

### MITCHELL HAS NOT SHOWN A REASONABLE PROBABILITY THAT THE RESULT OF THE APPEAL FROM HIS CONVICTION WOULD HAVE BEEN DIFFERENT BUT FOR COUNSEL'S ERRORS.

■ In reviewing claims for ineffective assistance of counsel the Court utilizes the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Aragon v. State,* 114 Idaho 758, 760–61, 760 P.2d 1174, 1176–77 (1988); *State v. Porter,* 130 Idaho 772, 791, 948 P.2d 127, 146 (1997). An applicant for post-conviction relief must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for coun-

sel's errors, the result would have been different. *Strickland,* 466 U.S. at 687–88, 694, 104 S.Ct. 2052. A defendant is constitutionally entitled to the effective assistance of counsel on a direct appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Therefore, the test to evaluate ineffective assistance of counsel on direct appeal is the same. *See Aragon,* 114 Idaho at 764–65, 760 P.2d at 1180–81.

The district court found appellate counsel's brief to be deficient within the meaning of *Strickland,* and the state does not challenge this finding. The only issue regarding the ineffective assistance of appellate counsel is whether Mitchell was prejudiced by appellate counsel's deficient performance or, as Mitchell claims, the prejudice prong need not be shown because the appellate brief was so deficient that prejudice can be presumed.

The district court documented serious deficiencies in the appellate brief which support the finding of deficient performance under *Strickland*'s first prong. However, the district court did not set forth findings of fact to support the conclusion that Mitchell was prejudiced by appellate counsel's conduct. Mitchell argues that the district court had competent and substantial evidence to conclude that he was prejudiced based upon the appellate briefs and the criminal record which were placed into evidence at the post-conviction hearing. The argument suggests that a conclusion reached by the district court that there was prejudice is sufficient if the district court had the record of the prior proceedings before it. However, "[t]he absence of findings of fact cannot be cured by recitals in the conclusions of law." *C.I.T. Corp. v. Elliott,* 66 Idaho 384, 398, 159 P.2d 891, 897 (1945).

■ Unless the record is clear and yields an obvious answer to the question of whether Mitchell suffered prejudice, the absence of findings cannot be disregarded. *Pope,* 103 Idaho at 225, 646 P.2d at 996. Mitchell, however, argues that the second prong of the *Strickland* test need not always be proved. This argument is premised on the position that there are circumstances in which prejudice is presumed. *See Lozada v. Deeds,* 498

U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991); *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Beasley v. State,* 126 Idaho 356, 883 P.2d 714 (Ct.App. 1994). Mitchell concedes that these cases are factually distinct from the case at bar in that they deal with situations in which appellate counsel either failed to file an appeal or failed to file an appellate brief. In this case, appellate counsel did file an appeal and an appellate brief. Mitchell argues, however, that the briefs were so deficient that it was tantamount to not filing a brief, and prejudice should be presumed, relying on *Jenkins v. Coombe,* 821 F.2d 158 (2d Cir.1987), and *Robinson v. Wyrick,* 635 F.2d 757 (8th Cir. 1981).[1]

Counsel in *Jenkins* only filed a five-page appellate brief raising a single three-paragraph argument. Nevertheless, the court's decision to presume prejudice was based on the fact that after filing the brief, counsel had been removed and no replacement counsel had been assigned. *Jenkins,* 821 F.2d at 161; *Hollenback v. United States,* 987 F.2d 1272, 1276 (7th Cir.1993) (construing *Jenkins*). It was the actual absence of counsel on appeal, not counsel's poor performance, that justified applying a presumption of prejudice.

Counsel in *Robinson* filed a brief with the Missouri Court of Appeals. *Robinson,* 635 F.2d at 758. The brief apparently complied with the applicable state rules of civil procedure but was so "flagrantly deficient" that none of the points argued in the brief was preserved for review. *Id.* at 759 (quoting *State v. Robinson,* 555 S.W.2d 667, 668 (Mo. Ct.App.1977)).[2] After exhausting his state remedies, the defendant filed a writ of habeas corpus in federal district court, alleging that the ineffective assistance of his counsel on appeal deprived him of an opportunity to appeal his conviction. *Id.* at 758.

The Eighth Circuit Court of Appeals distinguished *Robinson* from other ineffective assistance of appellate counsel cases where the attorney failed to file a notice of appeal. *Id.* at 758–59. The "abandonment" of the defendant took place after the filing of the brief where the brief preserved nothing for review. *Id.* at 759. The court concluded: "Under these narrow circumstances, where none of Robinson's alleged errors were [sic] preserved for review, we have no difficulty in concluding that Robinson was denied his right to a direct appeal of his conviction and that he was denied his constitutional right to effective counsel—just as much as if counsel had never filed a notice of appeal." *Id.*

The district court in this case did not rely on presumed prejudice to find that there was a reasonable probability that the result would have been different but for counsel's errors. The district court concluded that there was prejudice but did not identify the issue upon which prejudice was premised. There is no identification of facts or issues that would lead to the conclusion that there was a reasonable probability that the result would have been different but for the deficiency of appellate counsel.

In this case there was not a complete abandonment of the appeal or a failure to preserve issues. Appellate counsel filed the appeal and submitted a brief. The brief presented the Court of Appeals with one non-frivolous issue, the claim of an excessive sentence. The Court of Appeals addressed the sentencing issue notwithstanding any deficiencies in the brief. The Court of Appeals necessarily reviewed and discussed the mitigating and aggravating factors from the transcript of the hearing, the presentence report and the psychological evaluation. *Mitchell,* 124 Idaho at 377–78, 859 P.2d at

---

1. It should be noted that Mitchell also cited *Richardson v. State,* 456 So.2d 1152, 1153 (Ala.Crim. App.1984). However, this case deals with a "no merit" brief (*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)) and has no application to the question presented herein.

2. The Missouri Court of Appeals stated:
   Four of the five points of alleged error are not supported by any authorities. Such points

are therefore deemed abandoned and preserve nothing for review.
   The fifth point raised by defendant which does have citations listed under it attacks the State's verdict directing instruction, but does not set fourth [sic] the instruction challenged—a Rule 84.04(e) violation which also fails to preserve anything for review.
   *Robinson,* 555 S.W.2d at 669 (citations omitted).

975–76. The sentences were reviewed under an abuse of discretion standard and the appeals court found that reasonable minds could differ as to the appropriateness of Mitchell's sentences. *Id.* Despite appellate counsel's deficiencies, Mitchell received a fair appeal, though not a perfect one. *See Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953) (defendant is entitled to a fair trial not a perfect one); *Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *see also State v. Enno,* 119 Idaho 392, 408, 807 P.2d 610, 626 (1991). Under these circumstances it was necessary for Mitchell to establish that there was a reasonable probability that the result of the direct appeal would have been different but for the deficiency of counsel. A review of the record reveals that he failed to make that showing before the district court or this Court.

### IV.

### MITCHELL HAS FAILED TO SHOW INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

Mitchell asserts three grounds for ineffective assistance of counsel at trial: (1) the failure to file a motion for change of venue; (2) the failure to fully investigate the case; and (3) the failure to object to the in-court identification of Mitchell by the victim at trial when the victim could not previously identify Mitchell in a photo montage.

### A. Failure to File a Motion for Change of Venue.

Mitchell claims there was significant pretrial publicity associated with this case and that the failure of counsel to move for a change of venue was ineffective assistance of counsel. Pretrial publicity alone does not result in a denial of a defendant's constitutional rights unless the publicity results in a trial that is fundamentally unfair. *State v. Winn,* 121 Idaho 850, 856, 828 P.2d 879, 885 (1992) (citing *Murphy v. Florida,* 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975)). Mitchell has not directed the Court to any part of the record that indicates that the members of the jury could not fairly

judge his case. He has not shown "that the setting of the trial was inherently prejudicial or that the jury-selection process . . . permits an inference of actual prejudice." *Murphy,* 421 U.S. at 803, 95 S.Ct. 2031. He has also failed to show how trial counsel's performance fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

The record indicates, and the district court found, that trial counsel attempted to deal with the publicity issue by requesting individual juror voir dire. Through this process trial counsel determined that he had a fair and impartial jury. Trial counsel's decision to address the publicity issue by individual juror voir dire was based on a rational trial strategy, and his tactical decisions will not be second-guessed on review. *State v. Larkin,* 102 Idaho 231, 233, 628 P.2d 1065, 1067 (1981); *State v. Carter,* 103 Idaho 917, 923, 655 P.2d 434, 440 (1981) (holding failure to request change of venue falls into area of strategic and tactical choice of counsel).

### B. Failure to Fully Investigate.

Mitchell claims that trial counsel failed to fully investigate his case by: (1) not interviewing his son who was apparently picked up from school eleven minutes after the 911 call was placed by the victim, (2) not trying to find someone in Waha to establish an alibi, and (3) not investigating whether the Mother's Day card which was admitted into evidence could have been purchased at New Meadows where Mitchell claims he bought it. Mitchell argues that defense counsel is bound to conduct a prompt and thorough pretrial investigation of a case, and by not investigating these matters trial counsel rendered ineffective assistance of counsel. *See State v. Perez,* 99 Idaho 181, 184, 579 P.2d 127, 130 (1978).

In *State v. Charboneau,* 116 Idaho 129, 137, 774 P.2d 299, 307 (1989), *overruled on other grounds by State v. Card,* 121 Idaho 425, 825 P.2d 1081 (1991), this Court stated that the starting point of evaluating counsel's conduct is the AMERICAN BAR ASSOCIATION, STANDARDS FOR CRIMINAL JUSTICE, THE DEFENSE FUNCTION. With respect to conducting a pretrial investi-

gation, § 4–4.1 of the American Bar Association (ABA) Standards states: "It is the duty of [defense counsel] to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction." AMERICAN BAR ASSOCIATION, STANDARDS FOR CRIMINAL JUSTICE, THE DEFENSE FUNCTION (2d ed.1982). However, this Court noted in *State v. Bingham*, 116 Idaho 415, 424, 776 P.2d 424, 433 (1989), that "[n]either this standard nor the commentary that follows it imposes on defense counsel a duty that all witnesses must be interviewed before … a trial." *Id.* The test to determine whether failure to interview witnesses constitutes a deficiency in representation is "judged according to the significance of the evidence the witness has to offer and what other sources are available to ascertain the testimony of the witness." *Id.*

■ The significance of the evidence that Mitchell's son had to offer is unknown. Mitchell failed to make any record indicating what evidence his son would have disclosed and how such evidence could have impacted the outcome of the trial. It is clear that Mitchell's son could not have accounted for his father's whereabouts during the time in question. Mitchell has not met his burden of showing deficiency of counsel's performance or prejudice.

■ Mitchell's claim, that failing to conduct an investigation to establish an alibi in Waha was ineffective assistance of counsel, suffers from the same defects. He has failed to establish what evidence, if any, such an investigation would have revealed. Under the ABA Standards, defense counsel is to conduct a prompt and thorough investigation, but the course of the investigation will necessarily "be shaped by a defendant's disclosure to his counsel." *Perez*, 99 Idaho at 184, 579 P.2d at 130. The duty to investigate requires only that counsel conduct a reasonable investigation. *Estes v. State*, 111 Idaho 430, 434, 725 P.2d 135, 139 (1986). In this case trial counsel asked Mitchell if he stopped somewhere for gas or contacted anybody in Waha. The answer was apparently in the negative. Moreover, Mitchell himself testified at the post-conviction evidentiary hearing that he did not believe anybody saw him in Waha. Since Mitchell did not disclose anything to his attorney that could reasonably lead him to an alibi witness, there is no basis on which Mitchell can claim that failing to investigate was deficient performance or prejudicial.

■ Mitchell claims that failing to follow up on whether he could have purchased the Mother's Day card in New Meadows was ineffective assistance of counsel. The Mother's Day card admitted at trial was an important piece of evidence linking the defendant to the crime. Nevertheless, even if it could be established that the card was the type sold by a vendor in New Meadows, Mitchell has still failed to show prejudice. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. That evidence would not have excluded the possibility that the card could have come from the victim's shop. Additionally, other evidence linked Mitchell to the crime, such as the terrarium that was recovered from Mitchell's mother and the in-court identification by the victim. The most compelling evidence was Mitchell's palm print in blood found at the crime scene.

The trial record indicates that trial counsel contested both the admissibility of the card and the weight it should be given at trial. It appears that trial counsel's choice to deal with the admissibility and weight of the card was again based on a rational trial strategy, and his tactical decisions will not be second-guessed on review. *Larkin*, 102 Idaho at 233, 628 P.2d at 1067.

Mitchell's claim of ineffective assistance of trial counsel based on a failure to fully investigate is without merit. He has failed to demonstrate either a deficiency in trial counsel's performance or prejudice.

## C. Failure to Object to the In-court Identification by Victim.

■ Mitchell claims that trial counsel's failure to object to the in-court identification by the victim was ineffective assistance of counsel, relying on the "totality of the circumstances" test set forth in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53

L.Ed.2d 140 (1977). *Brathwaite*'s "totality of the circumstances" test was incorporated in *State v. Hoisington,* 104 Idaho 153, 657 P.2d 17 (1983), and recently reiterated in *State v. Bush,* 131 Idaho 22, 951 P.2d 1249 (1997). Mitchell claims that the inability of the victim to identify him in a photo line-up prior to trial taints the in-court identification.

*Brathwaite* deals with the admissibility of "unnecessarily suggestive" identification techniques. There is no indication that the victim's identification of Mitchell at trial was suggested by anything other than her observation of him as the person who attacked her. As such, *Brathwaite* is not applicable.

Beyond the inability to identify Mitchell in the photo line-up, Mitchell argues that the in-court identification was in and of itself unnecessarily suggestive. In *People v. Walker,* 666 P.2d 113, 119 (Colo.1983), the Colorado Supreme Court stated: "We recognize that under some circumstances an in-court identification may constitute an impermissible one-on-one confrontation which is unnecessarily suggestive and conducive to irreparable mistaken identification." *Id.* The Colorado court evaluated the reliability of the identification under the "totality of the circumstances" test. *Id.* at 119–20. There is, however, nothing in the totality of the circumstances of this case to indicate that there was anything suggestive or unreliable about the victim's in-court identification. The question of identification in this case goes to the weight, not the admissibility of the evidence.

## V.

## CONCLUSION

The district court's determination that the performance of Mitchell's appellate counsel fell below an objective standard of reasonableness is supported by the record. However, the district court's conclusion that Mitchell suffered prejudice as a consequence of the deficient performance is not supported by findings as to any facts or issues that would have changed the outcome of the appeal but for the deficient representation. The record before this Court does not establish any facts or issues that would have changed the outcome of the appeal but for the deficient

performance of counsel on the appeal. The district court's determination that Mitchell is entitled to a new appeal is reversed and the direct appeal from the trial is dismissed.

The district court's decision that Mitchell did not establish ineffective assistance of counsel is affirmed.

Chief Justice TROUT, Justices JOHNSON, SILAK and WALTERS concur.