IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50946

| | |
|---|---|
| CORY LYNN HAWKER, | ) |
| | ) Filed: June 3, 2025 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Adam H. Green, District Judge.

Judgment dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Cory Lynn Hawker appeals from the judgment dismissing his amended petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to an I.C.R. 11 plea agreement in his underlying criminal case, Hawker pled guilty to aggravated battery. I.C. §§ 18-903(a) and 18-907(b). In exchange for his guilty plea, the State dismissed another charge. Thereafter, Hawker filed a pro se petition and affidavit for post-conviction relief. After Hawker was appointed counsel, he filed an amended petition for post-conviction relief raising claims of ineffective assistance of counsel. Relevant to this appeal, Hawker argued that his trial counsel was ineffective for failing to investigate a potential involuntary intoxication defense based on Hawker's use of a prescription anti-psychotic

1

medication on the day of the offense.[1]  The district court issued a notice of its intent to dismiss Hawker's amended petition.  Hawker filed a response opposing summary dismissal.  Hawker's response was accompanied by two declarations in which he claimed to have discussed the effects of the medication with his trial counsel.  The State responded with a motion for summary dismissal, and the district court subsequently held a hearing on the motion.  Following the hearing, the district court issued a memorandum decision and order granting the State's motion and entered judgment dismissing Hawker's amended petition.  Hawker appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief.  *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923.  Over questions of law, we exercise free review.  *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Hawker contends that the district court erred in summarily dismissing his amended petition for post-conviction relief.  Specifically, Hawker argues he established a "prima facie claim on both elements of the" *Strickland v. Washington*, 466 U.S. 668 (1984) test because his trial counsel was deficient in failing to "investigate and/or assert a defense of involuntary intoxication."  Hawker further contends that, had he been properly advised of the potential defense, "he would not have pled guilty and would have insisted on going to trial."  The State responds that the record and applicable law supports the district court's summary dismissal of Hawker's amended petition.  We hold that Hawker has failed to show the district court erred when it summarily dismissed his amended petition for post-conviction relief.

---

[1]     Hawker's amended petition raised several claims of ineffective assistance of counsel as a basis for post-conviction relief, all of which the district court summarily dismissed.  On appeal, Hawker does not challenge the summary dismissal of any other claims.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

3

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In a criminal case, counsel has a duty to conduct an adequate investigation. *Dunlap*, 141 at 59, 106 P.3d at 385. This duty requires "only that counsel conduct a reasonable investigation." *Mitchell v. State*, 132 Idaho 274, 280, 971 P.2d 727, 733 (1998). Counsel's decision not to investigate is assessed for reasonableness, giving deference to counsel's judgment. *Richman v.*

*State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002). Where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his amended petition, Hawker alleged he was denied effective assistance when his trial counsel "failed to sufficiently investigate and/or assert a defense of involuntary intoxication." Hawker contended his trial counsel acted deficiently because, in failing to investigate a defense of involuntary intoxication, trial counsel "failed to formulate or offer a defense which would have reasonably resulted in an acquittal." Hawker further asserted that he was prejudiced as a result of his trial counsel's deficiency because Hawker "was not properly informed or afforded an important defense in his case." According to Hawker, he "would not have entered a guilty plea" had he been properly informed of the potential involuntary intoxication defense.

The district court found that Hawker's allegations in the amended petition were "conclusory" and "not supported by any affidavits or records." The district court determined that Hawker's trial counsel did not render ineffective assistance for failing to raise a defense of involuntary intoxication and that the evidence in the record regarding Hawker's use of the medication was "scant." In support of his claim, Hawker asserted that the prescribing physician did not inform Hawker that "the medication could cause intoxication and/or adverse effects." Hawker further alleged that, on the day of the incident, "he took the medication as directed by his physician and [suffered] from intoxication and/or adverse effects." Hawker also provided copies of medical records relating to both the prescription medication and his emergency room visit following his arrest.

The district court found that the evidence Hawker submitted did not support an involuntary intoxication defense. The district court emphasized that the medical records from Hawker's emergency room visit following his arrest indicated he "was under the influence of alcohol and THC." Additionally, the district court noted that, if Hawker took the medication on the date of the incident as he claimed, "he did not do so in accordance with the prescribing doctor's directions" because Hawker "was directed to take the medicine at 'bedtime'" but was arrested for the offense at approximately 1:00 p.m. The district court therefore determined that Hawker took the medication along with "other intoxicating substances and not in compliance with his physician's

directions." According to the district court, "the most probable inference from the uncontroverted evidence provided by Hawker [was] that [his] intoxication was voluntary, not involuntary." As a result, the district court found it was not unreasonable for Hawker's trial counsel "to have abandoned that line of defense in favor for a very reasonable plea deal." Finally, given the sparsity of evidence of Hawker's voluntary intoxication in the medical records, the district court could not find that, "but for" trial counsel's alleged deficient performance, "Hawker would not have pled guilty and would have insisted on going to trial." The district court therefore found that, based on the scant evidence supporting Hawker's claim and the other evidence in the record contradicting his claim of involuntary intoxication, he failed to allege a genuine issue of material fact as to either prong of the *Strickland* standard. Because there was no genuine issue of material fact relating to Hawker's ineffective assistance of counsel claim, the district court concluded that Hawker was not entitled to an evidentiary hearing and summarily dismissed his amended petition.

On appeal, Hawker asserts the district court erred in summarily dismissing his claim of ineffective assistance of counsel because Hawker presented sufficient evidence to establish a prima facie claim that his trial counsel "did not know about the defense of involuntary intoxication, failed to investigate the defense, and unreasonably failed to advise Hawker about it during the plea negotiation process." According to Hawker, he supplied his trial counsel with "all the information [trial counsel] needed to investigate" a potential involuntary intoxication defense. We disagree.

Idaho Code Section 18-116 states that a person who is in "an intoxicated condition is criminally responsible for his conduct and an intoxicated condition is not a defense . . . unless the defendant proves that he did not know that it was an intoxicating substance when he consumed, smoked, sniffed, injected or otherwise ingested the substance causing the condition." Hawker alleged he did not beat the victim "on purpose or willfully." Hawker also argued he was not conscious of what he had done because he was "in a black-out or fugue state due to the medication." However, Hawker's evidence does not establish a prima facie defense of involuntary intoxication because he has failed to support his argument with expert testimony. Although Hawker notes the doctors he hoped to depose and their purported testimony regarding the potential side effects from the medication, the record does not contain such evidence. Hawker's argument effectively seeks to introduce expert testimony through his and his post-conviction counsel's declarations, despite lacking verifiable information about the substance of the expert's testimony.

6

This is insufficient to avoid summary dismissal. *See Self v. State*, 145 Idaho 578, 581, 181 P.3d 504, 507 (Ct. App, 2007) (stating that, to justify an evidentiary hearing in post-conviction relief proceedings, "it is incumbent" on the petitioner to "tender written statements from potential witnesses" and that, "absent an affidavit from the expert explaining what he or she would have testified to," a petitioner fails to raise a genuine issue of material fact"). Hawker failed to present evidence establishing a prima facie case that trial counsel was ineffective for failing to pursue an involuntary intoxication defense.

Additionally, while Hawker alleges to have discussed the effects of the medication with his trial counsel, Hawker presents no evidence that Hawker told his trial counsel that Hawker was unaware that the medication was intoxicating--a necessary factual predicate to trial counsel's duty to investigate the involuntary intoxication defense. Hawker similarly failed to present evidence indicating his trial counsel failed to investigate an involuntary intoxication defense. Moreover, the admissible evidence in the record does not establish that it was unreasonable for trial counsel to have declined to present an involuntary intoxication defense. To the contrary, the uncontroverted evidence in the record shows that "Hawker's intoxication was voluntary, not involuntary." According to the notes from Hawker's visit to the emergency room following his arrest, a urine drug screen test indicated he was "under the influence of alcohol and THC" immediately following the offense. Thus, even if Hawker presented an involuntary intoxication defense at trial, he would still need to account for the evidence in the record indicating he was voluntarily intoxicated on the date of the offense. As a result, we agree with the district court that it was not unreasonable for trial counsel to have abandoned an involuntary intoxication defense "in favor of a very reasonable plea deal."

The district court correctly determined that Hawker failed to present evidence establishing a genuine issue of material fact that counsel was ineffective with respect to pursuing an involuntary intoxication defense. Hawker has failed to show the district court erred in summarily dismissing his amended petition for post-conviction relief.

## IV.
## CONCLUSION

Hawker has not shown that his trial counsel's performance was deficient for failing to raise an involuntary intoxication defense or that Hawker was prejudiced by his trial counsel's alleged

7

deficient performance. As a result, Hawker has failed to show the district court erred in summarily dismissing his amended petition. Accordingly, the judgment dismissing Hawker's amended petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.